IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIAM ARGO, MICHAEL G.
JOHNSON, and JOHN M. SPANGLER,

Plaintiffs,

v.                                           CV 212-213

Sheriff TOMMY J. GREGORY,
in his official capacity,

Defendant.

**O R D E R**

Presently pending before the Court is Defendant's motion for reconsideration of this Court's partial denial of Defendant's motion for summary judgment.[1] (Doc. 53.) Defendant's motion is hereby **DENIED** for the reasons set forth below.

---

[1] Defendant characterizes the present motion as alternatively moving for summary judgment. In his first motion for summary judgment (doc. 51), the Court addressed claims of age discrimination and retaliation, as well as claims for disability discrimination. Defendant's present motion does not address any new legal claims. "[I]t is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in his original motion." Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc., 221 F.R.D. 409 (S.D.N.Y. 2004). The only "new evidence" presented by Defendant are two affidavits from individuals whose depositions were relied upon with its initial motion for summary judgment. Thus, to the extent Defendant seeks to re-litigate the issues already decided by the Court, the Court construes this motion as one for reconsideration alone.

# I. STANDARD FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). In fact, a motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), quoted in Weitz Co. v. Transp. Ins. Co., No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) and Vidinliey v. Carey Int'l, Inc., No. 1:07-cv-762, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest

injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998); see also Collins v. Int'l Longshoremen's Ass'n Local 1423, No. CV 209-093, 2013 WL 393096, at *1 (S.D. Ga. 2013 Jan. 30, 2013) ("Motions for reconsideration should not be used to relitigate issues which have already been found lacking." (internal quotations omitted)); Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

Where, as here, the motion for reconsideration is untimely,[2] the movant must instead rely on Rule 60(b), which allows a court to "relieve a party or its legal representative from a final

---

[2] Defendant filed his motion approximately forty days after the Court's September 10, 2014 Order.

3

judgment, order, or proceeding" if one of the following six grounds are met:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b); Graveling v. Sirote & Permute, P.C., No. 2:13-cv-120, 2014 WL 5426811, at *2 (S.D. Ala. Oct. 24, 2014). In contrast to a Rule 59 motion, one made under Rule 60(b) need only be made "within a reasonable time," but no longer than one year after the entry of the order. FED. R. CIV. P. 60(c)(1). Under Rule 60(b)(6) "a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Miller v. Brown, No. 1:12-cv-166, 2014 WL 229481, at *1 (S.D. Ga. Jan. 17, 2014) (quoting Mitchell v. Miller, No. 4:99-cv-080, 2007 WL 1183896, at *1 (M.D. Ga. Apr. 19, 2007)).

## II. DISCUSSION

Even characterized as one under Rule 60, Defendant's motion for reconsideration fails on the merits as it does not meet the

standards of that rule. Defendant bases his motion on two arguments: (1) Plaintiffs cannot prove a prima facie case of age discrimination without relying on hearsay and (2) Plaintiffs cannot prove the legitimate, non-discriminatory reason was pretextual. In support of his motion, Defendant does not present any newly discovered evidence that, with reasonable diligence, could not have been discovered in time for the motion for summary judgment. In fact, the only additional evidence he presents is his own affidavit and that of Michael Fender, who was deposed on August 2, 2013. Thus, Defendant must rely on Rule 60(b)(6): "any other reason that justifies relief." See Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("It is well established, however, that relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." (quoting United States v. Swift & Co., 286 U.S. 106, 119 (1932) (internal citations omitted)).

**A. Prima Facie Case of Age Discrimination**

Defendant first argues that the Court improperly relied on hearsay statements in ruling that Plaintiffs met the prima facie case. With its September 10, 2014 Order, the Court thoroughly detailed the factual basis for Plaintiffs' claims, and thus does

5

not do so here.  As is relevant to the present motion, Defendant focuses on three instances of hearsay: (1) a conversation between Kevin Barber and Roger Dyals regarding comments Barber allegedly heard Defendant make; (2) a statement made by Kevin Barber that he did not understand why Defendant was trying to get rid of the "greybeards;" and (3) a chart used to show a pattern of hiring younger employees.

The case law of this circuit is clear that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-94 (11th Cir. 2012) (quoting Macuba v. Deboer, 193 F.3d 1315, 1322 (11th Cir. 1999)).  Here, "whether plaintiff's exhibits are or are not admissible as presently submitted is of no moment[] [b]ecause defendants have made no showing that these exhibits cannot be reduced to admissible form at trial[.]  Of course, it remains each party's burden at trial to present evidence in admissible form."  Prince Hotel, S.A. v. Blake Marine Grp., No. 11-0537-WS-M, 2012 WL 4711897, at *1 n.5 (S.D. Ala. Oct. 2, 2012).

Even assuming that the aforementioned comments could not be reduced to admissible form, Plaintiffs still presented sufficient evidence to meet the prima facie case.  Excluding any

6

comments made, Plaintiffs offered the following as circumstantial evidence of intent:

- Defendant's departure from the employee ranking system;

- Defendant's hiring of two deputies outside the protected class days before terminating Plaintiffs;

- The actual severity of the budget shortfall; and

- Defendant's hiring of individuals outside of the protected class subsequent to the layoffs.

Simply put, the Court is satisfied that Plaintiffs produced sufficient evidence to set forth a prima facie case of age discrimination. This conclusion is bolstered by the fact that Defendant has failed to present any evidence of hardship, extreme or otherwise, that would necessitate reconsideration.

**B. Pretext for Age Discrimination**

Defendant next quarrels with the Court's finding of a genuine issue of material fact as to pretext. In its motion, Defendant challenges each of the Court's stated bases in an attempt to re-litigate previously decided issues. Specifically, Defendant presents argument as to (1) the individuals hired prior to Plaintiffs' layoffs; (2) the hiring subsequent to the layoffs; (3) the deviation from the ranking system; and (4) the discriminatory comments.

Here, Defendant does "not present newly-discovered evidence or manifest errors necessary for the grant of a [] motion for

7

reconsideration. Instead, his motion improperly attempt[s] to relitigate old matters by rehashing arguments he had previously made." Allaben v. Howanitz, 579 F. App'x 716, 719 (11th Cir. 2014). Coupled with Defendant's failure to present any evidence of hardship, extreme or otherwise, Defendant has failed to meet his burden and his motion for reconsideration as to the pretext issue must fail as well.

### III. CONCLUSION

The Court has thoroughly considered the issues that form the basis of its prior ruling and finds neither a reason nor a legal basis for reconsidering its previous order. Defendant's motion for reconsideration of this Court's September 10, 2014 Order denying in part Defendant's motion for summary judgment (doc. 53) is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of November, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA